UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIZABETH JAMES,

                Plaintiff,

-against-

MERCHANTS & PROFESSIONALS, INC.,

                Defendant.
------------------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM AND
ORDER
03-CV-1167 (CBA)(VVP)

AMON, United States District Judge:

On December 31, 2003, the Clerk of the Court entered a notation pursuant to Federal Rule of Civil Procedure 55(a) indicating that defendant Merchants & Professionals, Inc. had defaulted in this action. On January 14, 2004, the Court ordered default judgment in favor of plaintiff Elizabeth James and referred the matter to the Honorable Viktor Pohorelsky, United States Magistrate Judge, for an inquest on damages. Magistrate Judge Pohorelsky issued a report and recommendation ("R&R") on July 7, 2008, recommending that plaintiff's requests for statutory damages, attorney's fees, and costs under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") be denied, and that the complaint be dismissed. Plaintiff timely filed objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1). For the reasons described below, the Court hereby adopts the R&R over plaintiff's objections.

The Court reviews the R&R de novo. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Plaintiff objects to the R&R, arguing that the Magistrate failed to cite to Judge Trager's decision in Williams v. Goldman & Steinberg, Inc., No. CV-03-2132, 2006 WL 2053715, at *1 (E.D.N.Y. July 21, 2006), where the Court found a violation of the FDCPA because "the defendant did not have a license when it sent [a] Collection Letter to a New York City resident, as required by regulations of the

City of New York." Although the R&R does, in fact, discuss and distinguish the Williams case, see R&R at 4-5, the Court has nonetheless conducted an independent review.

The FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of conduct that violates the FDCPA, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Id. § 1692e(5), 1692e(10).

The Second Circuit has not addressed whether it is a violation of the FDCPA to engage in debt collection without a locally required license. In Williams, the defendant debt collection agency sent a collection letter to a New York City resident. The defendant was not licensed to act as a debt collection agency by the New York City Department of Consumer Affairs, as required under New York City regulations. See New York, N.Y., Admin. Code tit. 20, ch. 2, § 20-490. Judge Trager found that the defendant's actions violated the FDCPA because the defendant was not licensed at all by New York City, as required by local ordinance, and awarded plaintiff $1,000 in statutory damages as well as attorneys' fees. Williams, 2006 WL 2053715 at *1.

Although a handful of other courts have similarly found that a violation of state or local law is sufficient to make out a prima facie claim under the FDCPA, see Jomarron v. Nasco Enterprises, Inc., No. 3:05-CV-0094, 2005 WL 2231863 at *1 (D. Conn. 2005) (unlicensed debt collector's communications with plaintiff are violations of § 1692e(5) of the FDCPA); Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471-72 (D. Md. 1995) (same), other courts have noted that an alleged violation of state or local law is by itself insufficient to state a claim under the FDCPA. See Wade

2

v. Regional Credit Assoc., 87 F.3d 1098, 1100 (9th Cir. 1998) (collection agency's attempt to collect a debt without obtaining a required state permit does not violate FDCPA); Nero v. Law Office of Sam Streeter, P.L.L.C., 655 F. Supp.2d 200, 209 (E.D.N.Y. 2009) (insufficient legal authority exists for a "categorical holding that debt collection efforts initiated in New York City by unlicensed debt collector violate § 1692e(5) or § 1692e(10) of the FDCPA"); McDowell v. Vengroff, Williams, & Assoc., Inc., No. 04-CV-1068 (CBA), 2006 WL 1720435, at *3 (E.D.N.Y. June 21, 2006) (failure to possess license not a violation of FDCPA); Richardson v. Allianceone Receivables Mgmt.., Inc., No. 03-CV-5519 (DLC), 2004 WL 867732 at *3 (Apr. 23, 2004 S.D.N.Y.) (failure to publish license number on a collection letter in violation of local law does not violate FDCPA); Lindbergh v. Transworld Systems, Inc., 846 F. Supp. 175, 181 (D. Conn. 1994) (failure to obtain a license in the state where collection action took place does not constitute a violation of the FDCPA.)

This Court agrees that a violation of a state or local law, by itself, does not amount to a per se violation of the FDCPA. As the district court reasoned in Lindbergh, the contention that every violation of state law raises a federal claim under the FDCPA "reflects a false, narrow, and overly mechanical reading" of the statute. 846 F. Supp. at 181. Plaintiff has not identified any basis to establish that defendant's failure to include a license number on the letter rendered the communication false, deceptive or misleading within the FDCPA, and the Court's independent review of the letter reveals none. See Complaint at p. 7.

Plaintiff argues that Richardson v. Allianceone, 2004 WL 867732 at *3, held in dicta that a collection agency's failure to be licensed with the New York Dept. of Consumer Affairs is a violation of the FDCPA. In that case, the defendant, a licensed debt collector, failed to include the license number on a letter that also contained the defendant's name, address, and phone

3

number. The court held that the mere failure to include the license number did not violate the FDCPA, noting that there was "no basis to conclude that this minor deficiency renders the Letter false, deceptive or misleading within the meaning of the FDCPA". Id. Plaintiff's reliance on Richardson is misplaced. The court did not hold "in dicta," as plaintiff now argues, that the same conduct without a license would automatically violate the statute. Additionally, the Court in Richardson specifically observed that the debt collector's letter included the collector's name, address and phone number, and that a consumer could easily contact the Department of Consumer Affairs based on this information. Similarly, in this case plaintiff alleges that defendant failed to set forth its license "so that consumers could not readily register complaints with the Department of Consumer Affairs concerning the defendant's collection practices," Compl. at ¶ 12. The collection letter in this case recites similar contact information and accordingly undermines plaintiff's contention that the defendant intended to prevent consumers from registering complaints.

For these reasons, the Court hereby adopts Magistrate Judge Pohorelsky's R&R as the opinion of the Court. Plaintiff's request for statutory damages, attorney's fees, and costs are denied, and the complaint is dismissed. The Clerk of the Court is directed to enter judgment in accordance with this order.

SO ORDERED.

Dated:  Brooklyn, New York
        March 5, 2010

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge